UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AHMED G. TURAY JR,

                              Petitioner,

        v.

CLARK COUNTY, et al.,

                              Respondents.

CASE NO. C16-5388 RBL-JRC

ORDER TO SHOW CAUSE OR FILE PROPER HABEAS PETITION FORMS

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

On May 23, 2016, plaintiff filed his motion for leave to proceed *in forma pauperis* and his proposed 1983 civil rights. Dkts. 1, 1-1. On May 24, 2016, the Clerk's Office sent plaintiff a deficiency letter directing plaintiff to submit a certified copy of his prison trust account statement showing transactions for the last six months.  Dkt. 2.  On June 10, 2016, plaintiff corrected the deficiency in his application to proceed *in forma pauperis*. Dkts. 3, 4.

However, the facts alleged by plaintiff do not support an action under 42 U.S.C. §1983.

1  To state a claim under 42 U.S.C. §1983, a complaint must allege: (i) the conduct complained of

2  was committed by a person acting under the color of state law and (ii) the conduct deprived a

3  person of a right, privilege, or immunity secured by the Constitution or laws of the United States.

4  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*,

5  474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if

6  both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (1985).

7          Mr. Turay alleges that his criminal conviction should be vacated for many reasons

8  including insufficient evidence against him, ineffective assistance of counsel, prosecutor

9  misconduct, failure to provide a Bill of Particulars, and jury bias against African Americans in

10  Clark County and Washington.  Dkt. 1-1.  Mr. Turay's proposed 42 U.S.C. § 1983 civil rights

11  complaint raises issues challenging the validity of his criminal conviction and his continuing

12  confinement, rather than his conditions of confinement. Dkt. 1-1. A petition for writ of habeas

13  corpus under 28 U.S.C. § 2254 is a cause of action in which a petitioner can challenge the

14  validity of his criminal conviction and continuing confinement in violation of the Constitution,

15  law or treaties of the United States.

16          Based on the allegations in the complaint, the proper proceeding to challenge Mr. Turay's

17  confinement is through a habeas corpus petition:

18              [T]he determination whether a challenge is properly brought under
                § 1983 must be made based upon whether 'the nature of the

19              challenge to the procedures [is] such as necessarily to imply the
                invalidity of the judgment.' If the court concludes that the

20              challenge would necessarily imply the invalidity of the judgment
                or continuing confinement, then the challenge must be brought as a

21              petition for a writ of habeas corpus, not under § 1983.

22  *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S.

23  641 (1997)) (internal citation omitted); *see also Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

24

ORDER TO SHOW CAUSE OR FILE PROPER
HABEAS PETITION FORMS - 2

1    The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners

2    that fall within the core of habeas, and such claims may not be brought in a § 1983 action. *See*,

3    *e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (characterizing the Court's precedents as

4    holding "that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the

5    relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

6    conduct leading to conviction or internal prison proceedings)—if success in that action would

7    necessarily demonstrate the invalidity of confinement or its duration"). The Ninth Circuit

8    recently adopted the correlative rule that a § 1983 action is the exclusive vehicle for claims

9    brought by state prisoners that are not within the core of habeas corpus. *Nettles v. Grounds*, No.

10   12-16935, __ F.3d __, 2016 WL 3997255 (9th Cir. July 26, 2016).

11        In addition, prisoners in state custody who wish to challenge the length of their

12   confinement in federal court by a petition for writ of habeas corpus are first required to exhaust

13   state judicial remedies, either on direct appeal or through collateral proceedings, by presenting

14   the highest court available with a fair opportunity to rule on the merits of each and every issue

15   they seek to raise in federal court.  *See* 28 U.S.C. 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129,

16   134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231

17   (9thCir.1988).

18        State remedies must be exhausted except in unusual circumstances. *Granberry, supra, at*

19   *134.*  If state remedies have not been exhausted, the district court must dismiss the petition.

20   *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9thCir.1988)  As a dismissal solely for

21   failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23

22   (9thCir.1990), it is not a bar to returning to federal court after state remedies have been

23   exhausted.

24

1    The court in *Castro v. United States*, 540 U.S. 375, 382–83 (2003) held that before

2  recharacterizing a civil rights claim, a district court must "notify the *pro se* litigant that it intends

3  to recharacterize the pleading, warn the litigant that this recharacterization means that any

4  subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions,

5  and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains

6  all the § 2255 claims he believes he has." *Id.* at 383; *see also United States v. Seesing*, 234 F.3d

7  456, 464 (9th Cir. 2000) (holding that a court should not recharacterize a prisoner's *pro se* filing

8  as a federal habeas petition when doing so would be to the prisoner's disadvantage).

9    Therefore, pursuant to the requirements of *Castro*, the Court intends to recharacterize Mr.

10  Turay's complaint as one having habeas claims, which means that any subsequent § 2254 motion

11  will be subject to the restrictions on 'second or successive' motions.  Mr. Turay may withdraw

12  his 42 U.S.C. §1983 complaint or amend it on the proper habeas forms so that it contains all the

13  § 2254 claims he believes he has.

14    Mr. Turay is directed to show cause on or before **September 2, 2016** as to why his 42

15  U.S.C. § 1983 civil rights complaint should not be dismissed.  Alternatively, if Mr. Turay desires

16  that the Court consider the habeas issues he has raised, he must fill out the proper forms to file a

17  habeas petition. Failure to withdraw the 42 U.S.C.§1983 complaint or amend may result in this

18  Court recommending that his case be dismissed, as he has not alleged a proper 42 U.S.C. §1983

19  cause of action.  Furthermore, if Mr. Turay chooses to withdraw his 42 U.S.C.§1983 complaint

20  and file a habeas petition, he may submit the filing fee of $5.00 when he files the correct habeas

21  petition forms.   The filing fee disparity between 42 U.S.C. §1983 and §2254 for *in forma*

22  *pauperis* movants is a difference of $300.00. Therefore, in the meantime, the Court will hold Mr.

23

24

1  Turay's application to proceed *in forma pauperis* (Dkt. 1) pending Mr.Turay's response to this

2  Order so that he will not incur the $350.00 filing fee debt for the §1983 complaint.

3       The Clerk's office is directed to attach the correct habeas forms to this Order, which

4  should be sent to Mr. Turay.

5       Dated this 3rd day of August, 2016.

6

7  J. Richard Creatura

8  United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24