UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AHMED G. TURAY JR.,

               Petitioner,

     v.

CLARK COUNTY JAIL.

               Respondent.

CASE NO. 3:16-CV-05388-RBL-JRC

ORDER DIRECTING PLAINTIFF TO CORRECT DEFECIENCIES IN APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND HABEAS PETITION

      Petitioner Ahmed G. Turay Jr. is currently confined at the Washington Corrections Center ("WCC"). *See* Dkt. Although Mr. Turay originally filed this cause of action as a 42 U.S.C. § 1983 civil rights complaint, it appears that Mr. Turay now seeks to recharacterize his cause of action as a habeas corpus petition pursuant to 28 U.S.C. § 2254. *See* Dkt. 12.

      A review of Mr. Turay's habeas submissions reveals deficiencies in both the application to proceed *in forma pauperis* and the petition. *See* Dkt. 12.

      With respect to the application to proceed *in forma pauperis*, the Court notes that Mr. Turay submitted his application on the wrong form (petitioner used the IFP form for 42 U.S.C. §

1983 civil rights complaints) and that he failed to provide a certified copy of his prison trust account statement at WCC showing transactions for the past six months.  *See* Dkt. 1, 6. No action will be taken on Mr. Turay's application to proceed *in forma pauperis* until these deficiencies are corrected.

With respect to the habeas petition, Mr. Turay is advised that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).   The petition does not indicate whether or not Mr. Turay has satisfied the exhaustion requirement.  Therefore, his petition is subject to dismissal without prejudice.

Additionally, Mr. Turay must name as respondent, the "person who has custody over [the petitioner]."  28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).  According to his petition, Mr. Turay is currently confined at WCC. Therefore, petitioner must name the superintendent of his facility as respondent.

Based on the foregoing, this Court does hereby ORDER as follows:

1     (1)    Mr. Turay shall either pay the $5.00 filing fee OR submit a completed habeas

2            corpus application to proceed *in forma pauperis* (including a certified copy of his

3            prison trust account statement at WCC) by November 21, 2016.

4     (2)    Mr. Turay must also file by November 21, 2016, an amended petition under 28

5            U.S.C. § 2254 alleging facts, if any, showing that his grounds for relief have been

6            properly exhausted in state court, naming the proper respondent and otherwise

7            showing cause why this matter should not be dismissed.

8     (3)    Failure to timely comply with this Order will result in a recommendation that this

9            action be dismissed.

10    (4)    The Clerk shall send a copy of this order to Mr. Turay and the Court's habeas

11           corpus IFP application and form petition for 28 U.S.C. § 2254 petitions.

12    Dated this 24th day of October, 2016.

13

14    J. Richard Creatura
      United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

ORDER DIRECTING PLAINTIFF TO CORRECT
DEFECIENCIES IN APPLICATION TO PROCEED
IN FORMA PAUPERIS AND HABEAS PETITION
- 3