UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AHMED G. TURAY JR., | CASE NO. 3:16-CV-05388-RBL-JRC |
| Petitioner, | REPORT AND RECOMMENDATION |
| v. | NOTED FOR: DECEMBER 16, 2016 |
| CLARK COUNTY JAIL, | |
| Respondent. | |

The District Court referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction pursuant to 28 U.S.C. § 2254.

Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition that the petitioner is not entitled to relief. Here, the Court cannot grant relief because petitioner has failed to name a proper respondent and he has failed to exhaust his remedies in state court. The Court therefore recommends that the petition be dismissed without prejudice and that the IFP application be denied as moot.

## BACKGROUND

Petitioner originally filed this cause of action as a 42 U.S.C. § 1983 civil rights complaint, but then attempted to recharacterize the case as a habeas corpus petition pursuant to 28 U.S.C. § 2254. *See* Dkt. 12.

The Court declined to serve the petition because it appeared that petitioner had not exhausted his state judicial remedies. Dkt. 15. In addition, petitioner named the Clark County Jail as respondent, even though petitioner is currently incarcerated at Washington Corrections Center ("WCC"). Dkt. 12. Due to these deficiencies, the Court granted petitioner leave to file an amended petition or explain why his petition should not be dismissed. Dkt. 15.

On November 18, 2016, petitioner filed an amended petition, again naming the Clark County Jail as respondent. Dkt. 17. Petitioner seeks to challenge his August 31, 2016 conviction in Clark County for assault, robbery and kidnapping. *Id.* On the face of his petition, petitioner states that he did not appeal his conviction in state court, and has only sought review in the United States District Courts. *Id.* at 2.

## DISCUSSION

In his original petition, petitioner named the Clark County Jail as respondent. Dkt. 12. The Court advised petitioner that he must name the state officer having custody of him as the respondent of the petition and that person is typically the warden or superintendent of the facility in which he is incarcerated or if he is on probation, his parole officer. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Petitioner's failure to name the correct party deprives this Court of personal jurisdiction. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

1   Moreover, even if petitioner had named the proper respondent, the petition remains

2 subject to dismissal because petitioner has not yet exhausted his state court remedies. Under the

3 exhaustion doctrine, a federal court may not grant habeas relief to a state prisoner unless he has

4 properly presented his claims to the state courts and exhausted all state remedies.  *See* 28 U.S.C.

5 § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  To satisfy the exhaustion

6 requirement, a petitioner must "fairly present" his claim in each appropriate state court, including

7 the highest state court with powers of discretionary review, thereby giving those courts the

8 opportunity to act on his claim.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  This has not

9 happened here because petitioner states that he has not filed a direct appeal or collateral attack on

10 his 2016 conviction in state court. Dkt. 17. It may be that on review, the state courts will grant

11 petitioner the relief he requests and make habeas intervention by this Court unnecessary.  Should

12 the highest state court deny relief, petitioner should note that a § 2254 petition must be filed

13 within one year of the judgment entered in the state courts, and the failure to timely file in this

14 Court may bar relief.  *See* 28 U.S.C. § 2244(d).

15 **CERTIFICATE OF APPEALABILITY**

16   A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

17 court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

18 (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner

19 has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §

20 2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could

21 disagree with the district court's resolution of his constitutional claims or that jurists could

22 conclude the issues presented are adequate to deserve encouragement to proceed further."

23 *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

24

1  (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a

2  certificate of appealability with respect to this petition.

3  **CONCLUSION**

4  Because petitioner has failed to name a proper respondent and exhaust his remedies in

5  state court before the filing of this petition for writ of habeas corpus, the Court recommends that

6  the petition (Dkt. 17) be dismissed without prejudice and the IFP application be denied as moot

7  (Dkt. 16). The Court also recommends denying issuance of a certificate of appealability.

8  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

9  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

10 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

11 review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

12 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

13 **December 16, 2016** as noted in the caption.

14 Dated this 22nd day of November, 2016.

_____
J. Richard Creatura
United States Magistrate Judge